IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17CR0273 RLW |
| | ) |
| NAKIA PHILLIPS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PHILLIPS' MOTION TO SUPPRESS EVIDENCE OBTAINED FROM AN ILLEGAL GENERAL WARRANT**

**Introduction**

Detective Timothy Porter applied for a search warrant to search any and all data from Phillips' ZTE Smart Phone, even though there was no probable cause to support such a full dumping of all the data from Phillips' phone. The warrant amounted to a general warrant, in violation of the Fourth Amendment of the United States Constitution's particularity requirement.

**Facts**

On September 7, 2016, Farmington Police stopped Defendant Phillips' vehicle and he was taken into custody. On September 8, 2016, Lt. Crites went to Buckley's Towing and conducted a search of Phillips' impounded vehicle, where he rummaged through the car until he found cell phones, including a ZTE Smart Phone. The ZTE Smart Phone was seized, packaged and placed into evidence. The ZTE Smart Phone was then held in Farmington Police custody for 44 days, until Detective Timothy Porter applied for a

1

search warrant to search the ZTE Smart Phone. *See* Exhibit A to Phillips' Motion to Suppress Evidence Obtained from an Illegal General Warrant.

The Affidavit attached to the Complaint for Search Warrant describes that Detective Porter was conducting a rape investigation involving a 15-year-old female named "SJ." SJ informed Detective Porter that there may be photographs, an internet advertisement, a video, and communications involving her on Phillips' phone of her on a phone owned by Phillips. *See* Exhibit B to Phillips' Motion to Suppress Evidence Obtained form an Illegal General Warrant.

The Affidavit asked the judge to authorize a seizure of any and all data from the cellular phones, stating:

> Affiant believes a search warrant should issue according to law, and that he or an officer assisting him in the service of the warrant be empowered to seize and analyze the phones seized and if necessary transport them to the Regional Computer Crimes Education and Enforcement Group (RCCEG) or similar facility if necessary, which location is outside St. Francois County, for further analysis.

*Id*. A judge subsequently signed the warrant and authorized the seizure of any and all data on Phillips' ZTE Smart Phone. *See* Exhibit C to Phillips' Motion to Suppress Evidence Obtained from an Illegal General Warrant.

**Argument**

The Fourth Amendment prohibits general search warrants and requires that a warrant describe, with particularity, the place to be searched and the persons or things to be seized. United States Constitution, Amendment IV. "To satisfy the particularity requirement of the fourth amendment, the warrant must be sufficiently definite to enable

2

the searching officers to identify the property authorized to be seized." *United States v. Rogers*, No. 4:16CR39 JAR/NCC, 2017 WL 3476778, at *8 (E.D. Mo. July 19, 2017), *report and recommendation adopted*, No. 4:16CR00039 JAR, 2017 WL 3458371 (E.D. Mo. Aug. 11, 2017) (internal citations omitted). "By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). The Supreme Court has explained that because of the nature of cellular phones in the modern world, a wholesale seizure of every piece of data that could conceivably be found on a cell phone is one that "would typically expose the government to far more than the most exhaustive search of a house." *Riley v. California*, 134 S.Ct. 2473, 2491 (2014).

Here, the warrant authorized the seizure of any and all data contained on the ZTE Smart Phone, with no limitation. The police did not have probable cause to believe that every piece of data on the phone was evidence of a crime. The search warrant was not tailored to the allegations SJ put forth, as stated by Det. Porter in the search warrant Affidavit. It was a general warrant. If Det. Porter wanted to seize every type of data from the phone, he had a duty under the United States Constitution to state how and why each type of data was connected to potential criminal activity. Cellular phones contain an incomprehensible amount of data these days, including immense amounts of personal data of the phone's owner. The general warrant prepared by Det. Porter and signed off by

3

a judge was unreasonable, and in violation of the Fourth Amendment to the United States Constitution and its particularity requirement.

**Conclusion**

The search warrant was unreasonable in that it did not state with particularity the items in which to be searched on the ZTE Smart Phone. The unreasonableness requires suppression of any evidence discovered as a result of the search of the ZTE Smart Phone. Phillips requests an evidentiary hearing to determine the facts at issue.

Respectfully submitted,

**SCHWARTZ, HERMAN & DAVIDSON**

By: /s/ Robert Herman
Robert Herman, Bar No. 32376MO
8820 Ladue Road, Suite 201
St. Louis, Missouri 63124
Ph:  (314) 862-0200
Fx: (314) 862-3050
bherman@laduelaw.com
Attorney for Defendant, Nakia Phillips

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 23, 2018, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to the counsel of record.

By: /s/ Robert Herman