UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.4:17CR0273 RLW |
| NAKIA PHILLIPS, aka "Ace" and "New York," Defendant. | ) ) ) ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

Comes now the United States of America, by and through its Attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Colleen C. Lang, Assistant United States Attorney for said District, and responds to the defendant's filed sentencing memorandum, Doc. #149.

On December 12, 2018, the defendant filed a sentencing memorandum asking the Court to consider his earlier objections to the Pre-Sentence Report ("PSR"), as well as, his earlier pro se motion to withdraw his guilty plea. In the defendant's objections to the PSR, he objects to certain sentencing guideline enhancements, which he had agreed to in the plea agreement. Doc. # 139. The defendant claimed in his pro se motion to withdraw, that he has "other new evidence to prove" his innocence. Doc. #144.

The defendant cannot withdraw his guilty plea. The defendant entered into a written guilty plea agreement with the government, in which the government amended his charges to Possession of Child Pornography, from Production of Child Pornography, in exchange for a plea to 264 months in prison. The defendant knowingly and voluntarily entered into a guilty plea on September 18, 2018, in open Court. The Court read the defendant all of his rights at the plea and

2

asked him if he understood them, which the defendant stated he did under oath. The Court completely complied with all of requirements of Rule 11 of the Federal Rules of Criminal Procedure during the plea hearing.  The District Court appropriately accepted the guilty plea and set the matter for sentencing.

In determining whether or not a defendant may be allowed to withdraw a plea of guilt, the defendant first must demonstrate a fair and just reason.  *United States vs. Austin*, 413 F.3d 856 (8th Cir. 2005).  The defendant bears this burden.  "'[A] defendant has no absolute right to withdraw a guilty plea before sentencing,' and the decision to allow or deny the motion remains within the sound discretion of the trial court." *United States v. Prior,* 107 F.3d 654, 657 (8th Cir.1997) (citing *United States v. Boone,* 869 F.2d 1089, 1091 (8th Cir.), *cert. denied,* 493 U.S. 822, 110 S.Ct. 81, 107 L.Ed.2d 47 (1989)), *petition for cert. filed,* No. 96–8478 (U.S. Apr.3, 1997). "[A] defendant may not withdraw his plea [before he is sentenced] unless he shows a 'fair and just reason' under Rule 32(e) [of the Federal Rules of Criminal Procedure]." *United States v. Hyde,* 520U.S. 670, ——, 117 S.Ct. 1630, 1631, 137 L.Ed.2d 935 (1997). The defendant has the burden of proving such a justification. *United States v. Prior,* 107 F.3d at 657.  In determining whether to set aside a plea of guilty, factors to consider are: (1) whether the defendant has demonstrated a fair and just reason; (2) whether the defendant has asserted his innocence; (3) the length of time between the guilty plea and the motion to withdraw; and (4) whether the government will be prejudiced. *Id."  United States vs. Morales*, 120 F.3d 744, 747(8th Cir. 1997).

The defendant, through his pro se motion, has not shown a fair and just reason to withdraw his guilty plea.  The defendant cites "new evidence," but the government is very skeptical that new evidence exists.  The government is not aware of any new evidence in this case.  Further,

3

the defendant has turned nothing over to the government and the government moved for Rule 16 access to all discovery and evidence in the possession of the defendant.

The defendant was arrested with a cell phone containing photographs and videos of a minor female child. In these videos and images, the minor child is performing sex acts on the defendant or is in a lascivious display of genitals. There is absolutely no evidence to contradict the elements of the crimes that the defendant pled guilty to, besides his own baseless statements.

The defendant freely, knowingly, and voluntarily entered into a guilty plea to the charges listed in the superseding information.  Doc. #139 at 15. The defendant jointly agreed to a sentencing recommendation of 264 months in prison. The defendant agreed to the facts laid out in the plea agreement on the record, under oath, at the plea. The defendant agreed to the specific offense characteristics laid out on page 8 of the plea agreement. Doc. #139.  The defendant agreed to the total offense level in the plea agreement.  The defendant agreed that he waived his right to a trial by pleading guilty. Doc. #139 at 14.  The defendant also agreed to the following on the last page of the plea agreement, above his signature:

> After pleading guilty and before sentencing, if defendant commits any crimes, violates any conditions of release, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States will be released from its obligations under this agreement.  The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility. Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be **no right to withdraw the plea** entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to not to bring or as set forth in Paragraph 2 of this agreement.
> Doc. #139 at 15.

4

The defendant agreed that he had no right to withdraw his guilty plea in the plea agreement. Based upon his assertions in his pro se motion to withdraw and the defendant's objections to the PSR, the defendant is coming very close to breaching the plea agreement, if he has not already.  The defendant's filings are inconsistent with his eligibility for the deduction of levels for acceptance of responsibly under USSG Section 3E1.1.  At this point, the government would like to proceed forward at sentencing, requests that the plea agreement be enforced, and recommends to the Court that the defendant be sentenced to 264 months in prison.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


_____*s/Colleen C. Lang*_____
COLLEEN C. LANG, #56872MO
Assistant United States Attorney
111 South 10th Street, Rm. 20.333
St. Louis, Missouri  63102
314-539-2200

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2018, the foregoing was filed electronically with the Clerk of the Court and a copy was emailed to defense.

*s/ Colleen C. Lang*
COLLEEN C. LANG, #56872MO
Assistant United States Attorney